## Katherine M. Heineke, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 22,037.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916.

### Statement of the Case.

Action by Katherine M. Heineke, plaintiff, against Chicago Railways Company, defendant, to recover for personal injuries while a passenger on defendant's car. Defendant appeals from a judgment against it of $2,500 entered upon the verdict of a jury.

The declaration charged two acts of negligence against defendant: First, that it negligently permitted the aisle in the car to be obstructed by a valise or suit case; and second, that while the car was in motion and plaintiff was seeking a seat defendant carelessly and negligently caused the car to start forward or to jerk; that as a result of such starting or jerking plaintiff was thrown forward and tripped against the suit case thrown down upon the floor of the car and injured. Defendant claimed that it had no knowledge whatever in relation to the accident complained about, and consequently no opportunity to give evidence either in support or denial of plaintiff's claim.

PHILIP ROSENTHAL and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

FREDERICK Z. MARX, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence sufficient to support verdict in action by passenger.* In an action by passenger to recover for injuries alleged to have been caused by falling over baggage in the aisle by reason of the sudden jerking of defendant's car, evidence examined and *held* sufficient to support a verdict for plaintiff.

2. APPEAL AND ERROR, § 1512*—*when remarks of court not ground for reversal.* In an action against a carrier for injuries to a passenger, remarks of court *held* not so prejudicial to defendant as to afford grounds for reversal, where the amount of the verdict is not such as to justify any inference of prejudice or passion on the part of the jury.

3. CARRIERS, § 482*—*when instructions sufficient in action for injury to passenger.* In an action against a carrier for injury to a passenger, instructions examined and *held* to be sufficient.

4. INSTRUCTIONS, § 151*—*when instruction on matter already covered properly refused.* A requested instruction is properly refused where the jury have been already sufficiently instructed without it, although the propositions of law covered are correctly stated.

5. CARRIERS, § 482*—*where instruction proper in action by passenger for personal injuries.* In an action by a passenger for personal injuries, the use in an instruction of the term "reasonably consistent with the practical operation of its road" is an inclusive phrase, contemplating not only the "mode of conveyance adopted by the carrier" but the power of propulsion and all else which enters into the practical operation of the road.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.